UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN A. HILL,<br><br>          Plaintiff,<br><br>     v.<br><br>CORRECTIONS OFFICER FUENTES,<br><br>          Defendant. | Case No. 05-00633-TSZ-JPD<br><br>REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

On June 2, 2005, Plaintiff Steven Hill, an inmate at the Monroe Correction Complex in Monroe, Washington, filed an amended 42 U.S.C. § 1983 civil rights complaint against correctional officer Charles Fuentes for allegedly violating plaintiff's constitutional right of access to the courts. Dkt. No. 9. Plaintiff alleges that Officer Fuentes delayed sending legal mail, specifically plaintiff's Motion for Discretionary Review ("Motion"), to the Washington Supreme Court ("Supreme Court"), which resulted in a denial of his Motion for untimeliness. *Id.* Defendant has moved for summary judgment. Dkt. No. 15. Plaintiff has not opposed this motion. Having carefully reviewed the parties' pleadings, supporting materials, and the available record, the Court recommends that defendant's Motion for Summary Judgment, Dkt. No. 15, be GRANTED and that plaintiff's action be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## FACTS

On December 7, 2004, plaintiff gave defendant his Motion to mail to the Washington Court of Appeals ("Court of Appeals"). Dkt. No. 15, Attach. 1. It was mailed on December 7, 2004. *Id.* According to the docket, the Court of Appeals received the Motion on December 10, 2005. *Id.* The Court of Appeals forwarded plaintiff's Motion to the Supreme Court, which received and docketed it on December 28, 2004. *Id.* The Supreme Court, however, dismissed the Motion as untimely, because the court did not receive it by its December 10, 2004, deadline. Dkt. No. 18. In his complaint, plaintiff requests that this Court order that his Motion "be ruled timely because it was mailed in a timely manner." Dkt. No. 9.

Defendant has moved for summary judgment. Dkt. No. 15. He claims that he could not have prejudiced plaintiff's case and violated his constitutional right of access to the court, because he had no contact or involvement with plaintiff's Motion after he properly placed it in the outgoing legal mail box. *Id.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact exist when the evidence would enable "a reasonable jury . . . [to] return a verdict for the nonmoving party." *Id.* (internal citations omitted).

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. These rules

apply to civil rights complaints brought by pro se plaintiffs, although their pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

Prisoners have a constitutional right of access to courts. *Bounds v. Smith,* 430 U.S. 817; *Lewis v. Casey*, 518 U.S. 343, 350 (1996). This protection prevents prison officials from stymying a prisoner's ability to file legal documents with the court, but is not an abstract right. *Lewis,* 518 U.S. at 349-351; *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001). Before an inmate can succeed on a claim that prison officials violated his right of access to the courts, he must demonstrate actual injury. *Lewis*, 518 U.S. at 350-51. An inmate suffers from actual injury if he is denied "meaningful access to the courts" or if "his efforts to pursue a legal claim" are hindered. *Lewis,* 518 U.S. at 351. For example, an inmate might show "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id.*

In this case, there is no dispute that plaintiff gave his mail to defendant on December 7, 2004, which is the date it was mailed to the Court of Appeals. Dkt. No. 15, Attach. 1. Further, there is no dispute that the Court of Appeals received the Motion on December 10, 2004, the last day for timely filing, and that the plaintiff was notified of that fact by mail. *Id.*; Dkt. No. 18. Thus, viewing the evidence in the light most favorable to the plaintiff, there is no evidence that defendant stymied plaintiff's access to the courts or that any action by defendant prejudiced plaintiff, because the Motion arrived on time. Indeed, plaintiff has not even responded to defendant's motion raising this point, which suggests "an admission that the motion has merit." Local R. CR 7(b)(2).

Finally, if there was a delay in mailing, it appears to have occurred somewhere between the Court of Appeals and the Supreme Court. The Motion arrived at the former on its due date, but there was an eighteen day delay between receipt by the Court of Appeals and the date

REPORT AND RECOMMENDATION
PAGE - 3

it was received and filed by the Supreme Court. If, as defendant suggests, the Supreme Court's denial of plaintiff's motion for untimely filing was improper under Washington Appellate Rule 18.23, this is not the proper court in which to raise that issue.[1] Because defendant did not delay mailing plaintiff's mail, defendant did not prejudice petitioner's legal action in the Supreme Court. Therefore, the facts, even as they are alleged by plaintiff, do not show a violation of his civil rights, and his complaint should be dismissed.

## CONCLUSION

Defendant's motion to for summary judgment should be granted, and plaintiff's complaint should be dismissed. A proposed order accompanies this Report and Recommendation.

DATED this  1st  day of  December, 2005.

s/ James P. Donohue
United States Magistrate Judge

---

[1] "A pleading will be considered timely filed by the Supreme Court and the Court of Appeals if it is timely filed in any Division of the Court of Appeals or in the Supreme Court." Wash. Ct. R., R. App. P. 18.23.